| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| MICHAEL SEAN MOUNT, #22491-078 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:17-CV-864 |
| § | CRIMINAL ACTION NO. 4:14-CR-28(20) |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

In a Motion to Alter or Amend Judgment (#18), *pro se* Movant Michael Sean Mount asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

## I. MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a

party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

The record shows that the United States Magistrate Judge issued a Report and Recommendation in which she recommended that Movant's § 2255 motion be denied and dismissed with prejudice because Movant failed to timely file it pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (#9). Movant filed two set of objections (##11, 15), the first of which was timely (#11); accordingly, the Court considered it in the disposition of Movant's case. As noted in the Order of Dismissal (#16), Movant failed to show that he filed his § 2255 motion in a timely manner or that he is entitled to equitable tolling. Therefore, the Court adopted the Report and Recommendation, denied Movant's § 2255 motion, and dismissed the case (#16).

In the instant motion for reconsideration (#18), Movant complains that the Court did not address his untimely objections. He argues that, because he filed a motion to amend his objections (#14), Rule 15 of the Federal Rules of Civil Procedure allowed him to freely amend his objections. He is mistaken. The decision whether to grant or deny a request for leave to amend is a matter vested within the court's discretion. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). Moreover, Rule 15 addresses amending pleadings – not objections. The Court declined to consider Movant's that were untimely filed. Nevertheless, the Court has now reviewed Movant's untimely objections (#15) and found them to be without merit. Movant fails to show

the Magistrate Judge's order was clearly erroneous or contrary to law. He still fails to show that he timely filed his § 2255 motion or that he is entitled to equitable tolling; thus, he is entitled to no relief. In sum, Movant fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *Schiller,* 342 F.3d at 567.

### III. CONCLUSION

It is therefore **ORDERED** that Movant's amended objections (#15) are **OVERRULED**. It is further **ORDERED** that Movant's Motion to Alter or Amend Judgment (#18) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 20th day of July, 2021.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE